IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Tiarra Tate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:21-cv-1982-TMC |
| v. ) | |
| ) | **ORDER** |
| Suminoe Textile of America and ) | |
| Staffing Associates, Inc., ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action in state court alleging claims for employment discrimination on account of race pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, and for breach of contract under state law. (ECF No. 1-1 at 5–6). Defendants removed the action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's Title VII cause of action. (ECF No. 1 at 3).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On June 27, 2021, Plaintiff filed an amended complaint (ECF No. 13) and a motion to remand this action to state court (ECF No. 14). The amended complaint no longer seeks relief against the Defendants pursuant to Title VII. *Compare* (ECF No. 1-1 at 5) *with* (ECF No. 13 at 3). Although Plaintiff continues to allege race discrimination, she now

seeks relief solely under S.C. Code § 1-13-80. (ECF No. 13 at 3). As a result of this amendment, Plaintiff argues that federal question jurisdiction has been destroyed and seeks an order remanding this action to state court. (ECF No. 14 at 3). In its response to the motion to remand, Defendant Suminoe Textile of America ("Suminoe") indicated that the court "will not commit error in granting the Motion to Remand." (ECF No. 17 at 2). Defendant Staffing Associates, Inc. ("Staffing Associates") did not file a response to the motion to remand. Both Defendants, however, filed motions to dismiss Plaintiff's amended complaint. (ECF Nos. 16; 18).

Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court grant Plaintiff's motion to remand and deny the pending motions to dismiss as moot. (ECF No. 19 at 4). The magistrate judge noted that Plaintiff's amendment did not automatically eviscerate the court's jurisdiction, explaining that "'when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.'" *Id*. at 2 (quoting *Rockwell International Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007)). However, as correctly observed by the magistrate judge, a district court *may* decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to retain, remand, or dismiss pendent state law claims, a district court should

2

consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). In this case, the magistrate judge concluded that the balance of these factors supports remanding this matter to state court. (ECF No. 19 at 3–4).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C.

§ 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

No objections have been filed by the parties and the time for doing so has expired. Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 19), which is incorporated herein by reference. Therefore, the court **GRANTS** Plaintiff's motion to remand. (ECF No. 14). Defendants' motions to dismiss are **DENIED** as moot. (ECF Nos. 16; 18).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 30, 2021
Anderson, South Carolina